**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTINA GUTIERREZ; et al., | No. 13-56951 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-07589-CAS-PLA |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 6, 2015[**]
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Plaintiff and appellant Cristina Gutierrez and two of her family members

(collectively, "Gutierrez") sued Los Angeles County and individuals employed by

the Los Angeles Sheriff's Department ("LASD") seeking compensation pursuant

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to 28 U.S.C. § 1983 for the alleged theft of her jewelry by LASD deputies during a probation search of her home. Following trial, a jury found for Defendants on all counts.

Gutierrez now appeals the judgment, asserting claims of error arising from the district court's order granting three of Defendants' motions in limine. We affirm.

The district court did not abuse its discretion by excluding evidence relating to Defendant Deputy Roberto Reyes's loss of his home to foreclosure. The record supports the district court's conclusion that the proffered foreclosure evidence was insufficient to show that Deputy Reyes had "a specific and immediate financial need" at the time of the probation search, as would be required to introduce evidence of financial difficulties as evidence of motive. *United States v. Bensimon*, 172 F.3d 1121, 1129 (9th Cir. 1999).[1]

The district court also did not abuse its discretion by excluding evidence

---

[1] The district court also seems to have relied on the fact that intent was not an element of any cause of action at issue when excluding this evidence. We do not consider this rationale because failure to satisfy the standards in *Bensimon* is a sufficient basis to affirm the district court. *See United States v. Gonzalez-Rincon*, 36 F.3d 859, 866 (9th Cir. 1994) ("We may affirm the district court's decision on any basis supported by the record.").

relating to unsubstantiated allegations of acts of misconduct by Deputy Reyes pursuant to Federal Rules of Evidence 404 and 608(b). The record supports both the district court's conclusion that the proffered evidence did not "tend[] to prove a material point" permitted by Rule 404(b) (such as motive, opportunity, or intent),[2] and its conclusion that the proffered evidence was insufficient "to support a finding that the defendant committed the other act." *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004). The lack of sufficient evidentiary support also substantiated the district court's refusal to allow questioning on cross-examination about the alleged acts under Rule 608(b).[3]

Finally, the district court did not abuse its discretion by excluding evidence of a purported "Code of Silence" among LASD personnel. Gutierrez has not pointed to any evidence in the record, or even any publicly available materials from the relevant time period, suggesting that Defendants had a "Code of

---

[2] Gutierrez's argument that the evidence should have been admitted for purposes of punitive damages analysis is inadequately briefed and accordingly waived. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009).

[3] Gutierrez has waived any argument under Rule 608(a) by failing to adequately present it to either the district court, or to this court in her opening brief. *United States v. Rangel*, 697 F.3d 795, 805 n.8 (9th Cir. 2012); *Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

Silence."[4]

The district court's judgment is AFFIRMED.

---

[4] The district court also appears to have concluded that this evidence lacked relevance. Again, we do not consider this rationale because the lack of any substantiation in the record for the allegation that there was a "Code of Silence" is sufficient to affirm. *See Gonzalez-Rincon*, 36 F.3d at 866.